## Smith's Estate

*Roland R. Foulke,* for petitioner.
*Stanley L. Thornton,* for respondent.

LADNER, J., March 31, 1939.—This matter came before the court on answer to petition to review adjudication. The petition sets forth that The Pennsylvania Company, trustee for Winthrop Smith, filed its account because of termination of the trust; that the same was audited December 5, 1938; that the accountant was allowed a commission of four percent on $131,852.43, the book value of the corpus of the trust; that after confirmation some of the assets were converted at a net loss of $5,559.94, and the remaining securities when revalued as of January 19, 1939, for the purpose of distribution in kind, showed a loss of $20,329.22. The complaint of the petition is that the trustee was thus allowed commission on a loss of $25,889.16, and to correct this result the reopening and amendment of the adjudication is prayed for.

The trustee's answer raises no issue of fact but asks dismissal of the petition: First, because the petition was not executed by petitioner in compliance with (Phila. County O. C.) court rule 15(A), which requires the petition to "be signed and sworn to by the petitioner, except in cases where this is impracticable, the reason therefor to appear in the petition or affidavit", and; second, because a schedule of distribution ordered by the auditing judge has not yet been filed, making the petition premature, and; third, that no error in the account or in the adjudication is charged, nor any other just, meritorious, or legal cause for review.

The first objection is well taken; rule 15(A) has not been complied with for neither the body of the petition nor the affidavit annexed sets forth any reason why the petition was not executed by petitioners. At the argument counsel sought to correct this error by asking leave to file an amended affidavit at bar and there being no objection by opposing counsel such leave was granted, but the affidavit thus supplied leaves the rule still unsatisfied and is defective in two particulars. It is signed by one Anne Critchlow, a stranger to the record, with no information given to the court why she makes the affidavit,

who she is, by what authority she acts, or what knowledge she has on the subject. Nor is the reason she assigns for the failure of petitioners to sign, viz., that they are both nonresidents, to be regarded as a satisfactory excuse. The absence of a petitioner from the jurisdiction, either temporarily or by reason of nonresidence, might well be an acceptable reason in the case of an emergency or where time will not permit the petition being sent to petitioners for execution; but no such urgency is averred here nor appears on the face of the record.

We might well dismiss this petition for such noncompliance with our rules, as was done in Hoffman's Estate, 9 Dist. R. 206, but in view of the fact that the defect is formal and could be corrected by filing a new petition and because we feel the petition is clearly without merit, we have concluded not to dismiss the petition for this reason.

We see no merit in the second ground on which the dismissal of the petition is asked, viz., that the petition is premature because the schedule ordered has not yet been filed. A petition for review, addressed as it is to the equitable discretion of the court, should be promptly filed as soon as the alleged error or omission sought to be corrected is discovered; if before confirmation, by direct application to the auditing judge: Linton's Estate, 24 Dist. R. 49; Dietrich Minors, October term, 1927, no. 3886; after confirmation, by petition for citation to the court in banc, after discussion with the auditing judge. Such application need not be delayed until after a schedule of distribution has been filed where the question sought to be reëxamined is not involved in the schedule.

We are all of opinion that on the merits the petition must be dismissed for it sets forth no proper ground for reopening or amending the adjudication. We agree with counsel for the accountant that Gardner's Estate, 323 Pa. 229, 238, and Miller's Estate, 132 Pa. Superior Ct. 437, must be regarded as definitely settling that "Where compensation is assessed as a percentage of total assets

administered, the rule . . . as customarily applied in the orphans' courts throughout the State, is to allow commissions on the appraised value of the corpus at the time when it reaches the hands of the executor or administrator. This is the value of the assets actually administered. Subsequent accretions should not increase the allowance of compensation, nor losses reduce it, unless exceptional circumstances in fairness require that this be done".

It remains but to say that no such exceptional circumstances exist here, nor can we say that the amount received by the trustee exceeds fair compensation.

The petition is dismissed.